Plaintiff is entitled to interest on this amount. The record is silent as to the date or dates from which interest should run on the sum above mentioned and, accordingly, the parties are directed to settle an order hereon indicating such date or dates. Settle order. Concur—Fein, J. P., Bloom, Markewich, Silverman and Ross, JJ.

■ In the Matter of JAMES P. McGARRY, an Attorney.—Motion granted and respondent reinstated as an attorney and counselor at law of the State of New York. Concur—Murphy, P. J., Birns, Sandler, Lane and Lupiano, JJ.

■ In the Matter of JAMES P. McGARRY, an Attorney.—Motion to confirm the findings of fact and conclusions of law of the Departmental Disciplinary Committee for the First Judicial Department denied. Concur—Murphy, P. J., Birns, Sandler, Lane and Lupiano, JJ.

## (September 27, 1979)

■ HAROLD G. LACKS, Appellant, v IRENE R. LACKS, Respondent, et al., Defendants.—Judgment, Supreme Court, New York County, entered June 7, 1978, dismissing the complaint in the foreclosure action, with costs and disbursements, including discretionary costs of $3,000, is unanimously modified, on the law and the facts, and in the exercise of discretion, so as to strike the second decretal paragraph thereof awarding $3,000 discretionary costs to plaintiff, and the judgment is otherwise affirmed. Order, Supreme Court, New York County, dated May 3, 1978, is unanimously modified, on the law and the facts, so as to strike all decretal paragraphs thereof except the provision directing the clerk of the County of New York to enter judgment in accordance with the order of the Appellate Division in favor of the defendant dismissing the complaint in the foreclosure action, with costs and disbursements in the Supreme Court, and this court directs, in accordance with its order of January 18, 1973, that the counterclaim be severed and interlocutory judgment be granted thereon directing an accounting at Special Term in accordance with the opinion of this court dated October 26, 1972, and that said accounting and further proceedings consequent thereon proceed in accordance with said opinion and order of this court. This matter shall be assigned for all purposes to one Justice of the Supreme Court (to be designated by the Administrative Judge), with instruction to the Justice to whom the matter is assigned to take all appropriate steps to bring this matter expeditiously to final judgment. No costs are awarded to either party on these appeals. The governing principles in this case and the procedures to be followed thereon were settled by the opinion of this court dated October 26, 1972 on a previous appeal (39 AD2d 485), and the order of this court thereon dated January 18, 1973. That opinion and that order still govern the rights of the parties and the procedures to be followed and the parties should proceed in accordance therewith. In that opinion and order, this court directed an accounting to determine the amount, if any, due to defendant by plaintiff with respect essentially to the sum of $102,674, a portion of the proceeds of the foreclosure sale which were paid to plaintiff. That direction should be followed. Accordingly, Special Term was in error in directing plaintiff now to pay said $102,674 to the city finance administrator. In accordance with this court's direction, the plaintiff's action for a foreclosure has been severed from defendant's counterclaim, and judgment directed dismissing the complaint in the foreclosure action, with costs and disbursements. However, at least with respect to the foreclosure action